EDWIN AYER *vs.* STEPHEN W. STARKEY.

The statute, (Rev. Stat., tit. 1, § 277,) provides that "every person who shall set fire on any land that shall *run upon the land of any other person,* shall pay to the owner all damages done by such fire." Held not necessary that the fire should run along the ground, in a continuous or traceable course, but that its spreading in any ordinary mode through natural causes is within the statute.

TRESPASS, for injury to the plaintiff's land by fire set by the defendant on his own land, brought under the 277th section of the statute with regard to civil actions, which provides " that every person who shall set fire on any land that shall run upon the land of any other person, shall pay to the owner all the damages done by such fire, to be recovered in an action of trespass." The case was tried in the superior court on the general issue, before *Sanford, J.*

On the trial to the jury it was proved on the part of the plaintiff that his land was burnt over by fire communicated from the lot next adjoining on the west; that this adjoining lot was a piece of land belonging to a third party thirty or forty rods wide, covered with tall, dry grass ; and that westerly of and next adjoining this lot was the land of the defendant, separated from it by a stone wall ; and that the defendant set fire to piles of brush on his land, which spread upon and across the intervening lot, and thence to and upon the plaintiff's land,

and did the injuries complained of. The defendant offered evidence to prove that along the westerly side of the stone wall was a strip of his land about one rod in width, on which the grass was so short that it could not burn, and on which there was at the time no combustible matter, and that the fire did not in fact burn anything upon this strip of land ; and claimed that because of this the fire did not *run* upon the plaintiff's land within the meaning of the statute ; and he asked the court to charge the jury that the plaintiff could not recover, unless he had proved that the fire set by the defendant ran along or over the ground continuously, or at least traceably, from the place where set to the place where the damage was done. The court charged the jury, that if the fire which over-ran the plaintiff's land originated in the fire set by the defendant, and by the operation of natural causes, or by its volition, passed from the fire so set by the defendant, either on or in the intervening land, or through the intervening atmosphere, and was thus communicated to the plaintiff's property and did the injury, the defendant was responsible for the injury under the statute.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial for error in the charge of the court.

*T. C. Perkins* and *A. Hall*, with whom was *Starkey*, in support of the motion.

*Warner*, contra.

ELLSWORTH, J. We do not discover any error in the charge of the court below. The part of the charge complained of is, that the judge told the jury that, within the meaning of the statute on which the action was brought, fire might by natural causes be communicated from one field to another, without a continuous burning along the surface of the ground. In what particular manner it might be thus communicated within the statute he did not explain, nor was he requested to do so, but

he left the question as to the fact of communication in some such manner to the jury.

The defendant claimed that there was a narrow strip of ground, (some sixteen feet wide,) between his own lot, where he set the fire, and the adjoining lot to and through which it spread and beyond which lay the plaintiff's lot, on which narrow strip the grass was so short that it would not burn, and that in fact it did not burn ; and hence he claimed that the fire did not " *run* " to the adjoining land, although it in fact spread and passed from the lot where it was set into the adjoining lot.

This view of the statute is quite too constrained and narrow for a sensible application of it to the subject-matter. In our view the statute was designed to subject any person who should kindle a fire on his own land, to consume bushes, or for any like purpose, which should spread upon the land of others, to the payment of such damage as might be caused by it.

If the defendant's view is correct, then a stone wall, a brook, a trodden path, or a ditch, over which the fire is communicable by heat, flames, burning branches of trees, or other combustible matter on fire, which may be carried along by the wind, prevents the application of the statute, although the mischief done, and the cause of the mischief, are precisely the same as if the fire had literally run along the surface of the ground without interruption.

The defendant's counsel ask us whether, if fire set in a field should spread by flying sparks to another field at a considerable distance, this would be within the statute ? We need not express any opinion upon that point in order to decide the present case, for no such point was made in the case below ; and upon the facts presented by the record no such question arises in the case. But we are not satisfied that there would be any difficulty in holding such a case within the statute were the question before us for decision.

The defendant's counsel have built much of their argument upon the idea that the statute in question is penal in its character and must therefore be construed strictly. We think this is not so. Damages only are given, and that does

not make the statute a penal one. Besides, if it were otherwise, according to our present views, we think we should do great violence to the statute were we to hold that it meant more by the word " *run*," than pass, spread, or communicate in ordinary modes.

It is further asked whether, if a person makes a fire in his dwelling house for domestic purposes, and sparks escape from the chimney top, and do damage without any fault on his part, he would be liable to pay damages under this statute ? We answer that he would not, and that he would not be, in such a case, if the fire ran without his fault out of the fireplace along the floor of the house upon the adjoining lot of his neighbor and destroyed his crops or his buildings. A fire kindled in this manner is not such a fire as the statute contemplates. And it is on this ground that the case of *Burroughs* v. *The Housatonic R. R. Co.*, 15 Conn., 124, which has been cited by the defendant's counsel, is not applicable to the present case.

We do not advise a new trial.

In this opinion the other judges concurred.